IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTA PROPAINTERS, LTD.   :<br>  :<br>Plaintiff,   :<br>  :   CIVIL ACTION<br>v.   :<br>  :<br>RALPH E. ROSSI, individually,   :   Case No. 04-CV-4950<br>ARCADIAN PAINTING, and PRATT   :<br>& D'ANGELO PAINTING, INC.   :<br>  :<br>Defendants.   :   | |

### PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO RE-OPEN THE CASE AND ENFORCE THE SETTLEMENT AGREEMENT

**I.    FACTS**

This action was commenced on October 21, 2004 and asserted claims against the defendants for (1) an injunction to enjoin the operation of a competing business; and (2) an accounting. Thereafter, on October 25, 2004, plaintiff filed a Motion for Preliminary Injunction seeking to enjoin the operation of the defendants' competing business. Certification of F. Joseph Dunn ("Dunn Cert"), ¶¶ 2, 3.

The hearing on the plaintiff's Motion for Preliminary Injunction was scheduled for May 5, 2005. At that time, the parties engaged in extensive settlement negotiations, and with the Court's assistance, were able to reach an agreement at that time.[1] The material terms of the settlement were set forth in a writing that day and initialed by all of the parties and counsel before the Court. Dunn Cert., ¶¶ 4, 5, 6.

---

[1] On May 6, 2005, the Court entered an Order dismissing this action pursuant to Local Rule of Civil Procedure 41.1(b).

The material terms of the settlement included the defendants' transfer to plaintiff of the telephone number 914-835-6240 (the "Telephone Number") and the payment of $34,000 within thirty days. The parties intended that the material terms contained in the writing be put into a more formal form of settlement agreement. Dunn Cert., ¶¶ 7, 8.

Accordingly, plaintiff's counsel drafted a formal settlement agreement (the "Settlement Agreement") and it was forwarded to the defendants' counsel on May 13, 2005. When the Settlement Agreement and payment was not forthcoming, plaintiff's counsel later followed up with counsel for the defendants in order to ascertain the status of the Settlement Agreement and was informed that that the matter would be concluded shortly. Moreover, counsel for the defendant indicated that the plaintiff could contact the defendants directly in order to transfer the Telephone Number. Dunn Cert., ¶¶ 9, 10, 11.

Plaintiff then learned that the defendant would transfer the Telephone Number only at the plaintiff's expense. Plaintiff's counsel contacted defendants' counsel who again informed counsel, that that the Settlement Agreement would be executed and that counsel would shortly receive the payment of $34,000. Dunn Cert., ¶¶ 12, 13.

As late as last week, defendants' counsel informed plaintiff's counsel that he would receive the executed Settlement Agreement and payment no later than Monday or Tuesday of this week, and that there would be no problem with transferring the Telephone Number. Dunn Cert., ¶ 14.

Again, the defendants have failed to forward the executed Settlement Agreement and payment as promised. To date, the defendants have failed and refused to execute the Settlement Agreement, to transfer the Telephone Number and to pay the sum of $34,000. Dunn Cert., ¶¶ 15, 16.

## II. LEGAL ARGUMENT

Based on the parties' agreement, on May 6, 2005, the Court entered an Order dismissing this action pursuant to Local Rule of Civil Procedure 41.1(b). Local Rule 41.1(b) states in pertinent part that:

> Any such order of dismissal may be vacated, modified or stricken from the record for cause shown, upon application of any party served within ninety (90) days of the entry of such order of dismissal.

In the instant case, the failure of the defendants to execute and perform under the terms of the Settlement Agreement constitutes good cause to re-open the case and to enforce the terms of the Settlement Agreement.

There is a strong judicial policy in favor of the voluntary settlement of lawsuits. Pennwalt v. Plough, Inc., 676 F.2d 77, 79 (3d Cir. 1982). It is well settled that an agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and in the absence of a writing. See Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970). Moreover, a district court has jurisdiction to enforce a settlement agreement entered into by the litigants in a case pending before it. See Rosso v. Foodsales, Inc., 500 F.Supp. 274, 276 (E.D.Pa. 1980). This jurisdiction is grounded in the policy that favors the amicable resolution of disputes, and the avoidance of costly and time-consuming litigation. See Pugh v. Super Fresh Food Mkts., Inc., 640 F.Supp. 1306, 1307 (E.D.Pa. 1986). Furthermore, settlement agreements are "specifically enforceable and broadly interpreted." Pennwalt v. Plough, Inc., 676 F.2d at 80.

Under Pennsylvania law, the enforceability of settlement agreements is governed by the principles of contract law. See Pulcinello v. Consolidated Rail Corp., 2001

Pa.Super 254, 784 A.2d 122, 124 (2001). To be enforceable, a settlement agreement must possess all of the elements of a valid contract. See Mazzella v. Koken, 559 PA. 216, 739 A.2d 531, 536 (1999). Where the parties have agreed on the essential terms of a contract, the fact that they intend to formalize their agreement in writing does not prevent enforcement of such agreement. Id.

Indeed, "the fact that the parties intend to formalize their oral agreement with a writing does not negate the binding nature of the original agreement." Orta v. Con-Way Transportation, Civ. Action 02-1673, 2002 WL 31262063 (E.D.Pa. 2002). See also Woodbridge v. Hall, 366 Pa. 46, 76 A.2d 205 (1950)(holding that an oral settlement agreement was binding and enforceable, despite the fact that the parties were not able to reduce the agreement to writing after three attempts). Further, "a settlement agreement is still binding even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing." Pugh, 640 F.Supp. at 1308, citing, Gross v. Penn Mutual Life Ins. Co., 396 F.Supp. 373, 375 (E.D.Pa. 1975).

In the instant case, the parties agreed to settle this action on May 5, 2005, with the assistance of the Court, upon the following terms:

(1) defendants would not engage in residential painting in 8 specific zip codes for 18-months;

(2) defendants would transfer the Telephone Number to plaintiff;

(3) defendants would not place lawn signs or other advertising for interior and exterior painting within the specified zip codes;

(4) defendants would be permitted to engage in painting incidental to other contracting projects, subject to appropriate scripting and no "workarounds";

(5)  the formal settlement agreement would contain an arbitration clause with a carve out for injunctive relief;

(6)  in the event of a dispute, the prevailing party would be entitled to recover its reasonable attorneys' fees;

(7)  defendants would return all proprietary and confidential materials and manuals;

(8)  the parties agree not to make derogatory statements about each other;

(9)  defendants would cancel all internet listing as identified by plaintiff;

(10)  defendants agreed to pay plaintiff the sum of $34,000 within 30-days;

(11)  the parties agreed to enter into mutual general releases;

(12)  defendant Rossi agreed to say favorable things to the plaintiff's franchise prospects; and

(13)  defendant Rossi agreed to respond to inquiries from plaintiff's president, Charlie Chase, about whether and to what extent he is doing residential work in the specified zip codes.

This agreement to the material terms of the settlement agreement were set forth that day and initialed by all of the parties and counsel before the Court. A copy is attached at Dunn Cert., Exhibit "A".

Plaintiff's counsel prepared a formal written settlement agreement containing the material terms of the agreement set forth above and provided it to the defendants' counsel. Despite numerous promises that the defendants would execute the Settlement Agreement, return it along with the $34,000 payment, and transfer the Telephone Number, to date, the defendants have failed to do so.

In that the parties had previously agreed to the essential terms of the settlement on May 5, 2005, the Settlement Agreement is a binding contract under Pennsylvania law.

Accordingly, this Court should enforce the Settlement Agreement negotiated and agreed to by the parties on May 5, 2005.

## III. CONCLUSION

For the above reasons, plaintiff Certa ProPainters, Ltd. respectfully requests that this Court re-open the case and enforce the Settlement Agreement between the parties.

Respectfully submitted,

**FISHER ZUCKER LLC**

Dated: August 3, 2005         By:    /s/ F. Joseph Dunn
                                     Lane Fisher, Esquire
                                     F. Joseph Dunn, Esquire (FJD 2053)
                                     121 South Broad Street, Suite 1200
                                     Philadelphia, PA 19107
                                     (215) 545-5200